FILED
DECEMBER 18, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 7107**

| | |
|---|---|
| QINGHUA XIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| ABBOTT LABORATORIES, | ) |
| an Illinois corporation | ) |
| | ) |
| Defendant. | ) |

**JUDGE KENDALL**
**MAGISTRATE JUDGE NOLAN**

### COMPLAINT AT LAW

NOW COMES Plaintiff, QINGHUA XIE, ("Xie" or "Plaintiff"), by and through her attorneys, The Law Offices of Eugene K. Hollander, and for her Complaint at Law against Defendant, ABBOTT LABORATORIES, ("Abbott" or "Defendant"), an Illinois corporation, states as follows:

### JURISDICTION

1. This is a suit in equity authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e)-2, 42 U.S.C. § 1981, the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and the Family Medical Leave Act of 1993, 29 U.S.C. § 101 et seq.

2. The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. §2000(e)-2, 42 U.S.C. §1981 (b), and 29 U.S.C. § 621, providing for declaratory, injunctive, compensatory, punitive, and other relief against employment discrimination based upon race, national origin, retaliation and age. Jurisdiction of this court is based upon federal questions, 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391 (B). The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

4. All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

   a. Plaintiff filed a charge of discrimination #440-2007-06098 with the Equal Employment Opportunity Commission ("EEOC") on July 2, 2007, a copy of which is attached hereto as **Exhibit 1**.

   b. The EEOC issued a notice of right to sue to Plaintiff for charge #440-2007-06098 on September 20, 2007, a copy of which is attached hereto as **Exhibit 2**.

## PARTIES

5. XIE is a citizen of the United States and the State of Illinois and resides in Libertyville, Lake County, Illinois.

6. XIE is a member of protected classes in that her race is Asian, her national origin is Chinese, and her date of birth is September 2, 1959.

7. ABBOTT is an Illinois corporation.

8. ABBOTT is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

9. ABBOTT is an employer as that term is defined under the under Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b) and the ADEA, 29 U.S.C. § 630 (B).

## BACKGROUND FACTS

10. XIE began her employment with ABBOTT as an Assistant Chemist on or about September 9, 1991.

11. In 1994, XIE was promoted to Associate Chemist.

12. In 1998, XIE was promoted to Chemist.

13. Throughout her employment, XIE performed her job duties to ABBOTT'S legitimate expectations.

14. On July 25, 2006, XIE received a rating of partially achieved ("PA") on her performance review and was placed on a performance action plan ("PAP") by her supervisors, Pamela Donner ("Donner") and Rolf Wagner ("Wagner").

15. Similarly-situated white co-workers who had previously received the rating of PA on their performance reviews had not been placed on PAPs.

16. On or about July 27, 2006, XIE complained to Richard Allen of Human Resources at ABBOTT that she was being treated differently.

17. On or about August 5, 2006, Donner and Wagner told XIE that if she did not accept the way they treated her, she would be out of ABBOTT.

18. On or about September 13, 2006, Donner and Wagner threatened to place XIE on a performance improvement plan ("PIP").

19. From September 15, 2006 through October 20, 2006, XIE was on approved leave from work under the Family Medical Leave Act in connection with a serious health condition, hypothyroidism.

20. On October 25, 2006, Donner and Wagner placed XIE on a PIP.

21. On or about November 16, 2006, XIE made a complaint of discrimination to Dale Kempf, Project Leader / Director.

22. On January 8, 2007, XIE's employment was terminated.

23. Similarly situated employees outside of XIE's protected class were retained.

## COUNT I – TITLE VII -- RACE / NATIONAL ORIGIN DISCRIMINATION – PERFORMANCE ACTION PLAN / PERFORMANCE IMPROVEMENT PLAN / TERMINATION

24. XIE reincorporates and realleges Paragraphs 1 through 23 as though more fully set forth herein.

25. XIE is a member of protected classes in that her race is Asian and her national origin is Chinese.

26. During the course of XIE' employment by Defendant, she performed to Defendant's legitimate expectations.

27. XIE was placed on a PAP on July 25, 2006 and was placed on a PIP on October 25, 2006.

28. XIE's employment was terminated on or about January 8, 2007.

29. Similarly situated employees, not in XIE' protected class, did not suffer an adverse job action.

30. By terminating XIE's employment and by creating, condoning, and perpetuating an environment by which the terms and conditions of employment differ for members of a protected class, Defendant has intentionally discriminated against the Plaintiff with malice or with reckless indifference to Plaintiff's federally protected rights in violation of Title VII of the Civil Rights Act of 1964.

31. As a result of the intentional acts complained of herein, Plaintiff XIE has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits and other compensation which such employment entails, and

Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

32. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff QINGHUA XIE, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate or harass on the basis of race.

4. Immediately assign Plaintiff to the job that she would now be occupying but for the race-based hostile practices of Defendant, and adjust the wage rates, salaries, bonuses and benefits for Plaintiff to those which she would be enjoying but for the race-based hostile practices of Defendant, or if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including pre-judgment interest and other benefits that she would have received but for the race-based hostile practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees;

7. Award Plaintiff punitive damages for Defendant's willful conduct; and Grant such other relief as may be just and proper.

8. Grant such other relief as may be just and proper.

### COUNT II – 42 U.S.C. § 1981 – RACE DISCRIMINATION –PERFORMANCE ACTION PLAN / PERFORMANCE IMPROVEMENT PLAN / TERMINATION

33. XIE reincorporates and realleges Paragraphs 1 through 23 as though more fully set forth herein.

34. XIE is a member of protected classes in that her race is Asian and her national origin is Chinese.

35. During the course of XIE's employment by Defendant, she performed to Defendant's legitimate expectations.

36. XIE was placed on a PAP on July 25, 2006 and was placed on a PIP on October 25, 2006.

37. XIE's employment was terminated on or about January 8, 2007.

38. Similarly situated employees, not in XIE' protected class, did not suffer and adverse job action.

39. By terminating XIE' employment and by creating, condoning, and perpetuating an environment by which the terms and conditions of employment differ for members of a protected class, Defendant has intentionally discriminated against the Plaintiff with malice or with reckless indifference to Plaintiff's federally protected rights in violation of 42 U.S.C. § 1981.

40. As a result of the intentional acts complained of herein, Plaintiff XIE has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

41. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff QINGHUA XIE, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of 42 U.S.C. § 1981.

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate or harass on the basis of race.

4. Immediately assign Plaintiff to the job that she would now be occupying but for the race-based hostile practices of Defendant, and adjust the wage rates, salaries, bonuses and benefits for Plaintiff to those which she would be enjoying but for the race-based hostile practices of Defendant, or if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including pre-judgment interest and other benefits that she would have received but for the race-based hostile practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees;

7. Award Plaintiff punitive damages for Defendant's willful conduct; and

8. Grant such other relief as may be just and proper.

## COUNT III -- RETALIATION – TITLE VII

42. XIE reincorporates and realleges Paragraphs 1 through 23 as though more fully set forth herein.

43. XIE engaged in statutorily protected activity when she complained of differential treatment and discrimination.

44. Similarly situated employees who did not engage in statutorily protected activity were not disciplined or terminated.

45. XIE was disciplined and ultimately terminated in retaliation for engaging in statutorily protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

46. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

47. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff QINGHUA XIE, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate or harass on the basis of race.

4. Immediately assign Plaintiff to the job that she would now be occupying but for the race-based hostile practices of Defendant, and adjust the wage rates, salaries, bonuses and benefits for Plaintiff to those which she would be enjoying but for the race-based hostile practices of Defendant, or if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including pre-judgment interest and other benefits that she would have received but for the race-based hostile practices of Defendants;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees;

7. Award Plaintiff punitive damages for Defendant's willful conduct; and

8.  Grant such other relief as may be just and proper.

## COUNT IV -- RETALIATION – 42 U.S.C. § 1981

48.  XIE reincorporates and realleges Paragraphs 1 through 23 as though more fully set forth herein.

49.  XIE engaged in statutorily protected activity when she complained of differential treatment and discrimination.

50.  Similarly situated employees who did not engage in statutorily protected activity were not disciplined or terminated.

51.  XIE was disciplined and ultimately terminated in retaliation for engaging in statutorily protected activity in violation of 42 U.S.C. § 1981.

52.  As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

53.  Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff QINGHUA XIE, respectfully prays that this Honorable Court:

1.  Enter a declaratory judgment that the practices complained of herein are unlawful and violative of 42 U.S.C. § 1981.

2.  Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the

unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate or harass on the basis of race.

4. Immediately assign Plaintiff to the job that she would now be occupying but for the race-based hostile practices of Defendant, and adjust the wage rates, salaries, bonuses and benefits for Plaintiff to those which she would be enjoying but for the race-based hostile practices of Defendants, or if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including pre-judgment interest and other benefits that she would have received but for the race-based hostile practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees;

7. Award Plaintiff punitive damages for Defendant's willful conduct; and

8. Grant such other relief as may be just and proper.

## COUNT V – AGE DISCRIMINATION

54. XIE reincorporates and realleges Paragraphs 1 through 23 as though more fully set forth herein.

55. XIE is a member of protected classes, over forty years old.

56. During the course of XIE's employment by Defendant, she performed to Defendant's legitimate expectations.

XIE was placed on a PAP on July 25, 2006 and was placed on a PIP on October 25, 2006.

57. XIE's employment was terminated on or about January 8, 2007.

58. Similarly situated employees, not in XIE' protected class, did not suffer and adverse job action.

59. Defendant, in violation of the provisions of 29 U.S.C. § 621, §623 et seq., has denied and continues to deny Plaintiff an equal opportunity for employment because of her age.

60. When Plaintiff was terminated, she was subjected to age discrimination in that there was a double standard set up between older employees and younger employees not included within the protected class. Plaintiff's younger counterparts were not subjected to discriminatory treatment.

61. Defendants knew that the termination of Plaintiff because of her age violated the ADEA.

62. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendants from maintaining a policy, practice, usage or custom of discriminating against Plaintiff because of her age with respect to the following: compensation, terms, conditions and privileges of employment and ways that deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of age. This complaint also seeks restitution to Plaintiff for the denial of all of her rights, privileges, benefits and income that would have been received by her, but for Defendants' unlawful and illegal discriminatory practices.

63. Plaintiff has no plain, adequate or complete remedy at law to address

the wrongs alleged, and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' policy, practice, custom and usage as set forth herein, until and unless enjoined by the Court.

64. Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff, QINGHUA XIE respectfully prays this Honorable Court:

1. Enter a declaratory judgment finding the practices complained of herein unlawful and in violation of the Age Discrimination in Employment Act, as amended;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate on the basis of age;

4. Immediately assign Plaintiff to the position she would now be occupying but for the discriminatory practices of Defendants, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would have received but for the discriminatory practices of Defendant, or, if this is impossible, award Plaintiff front-end and future pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the discriminatory practices of Defendants;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff liquidated damages for Defendant's willful conduct, and grant such other relief as may be just and proper.

### COUNT VI – Family Medical Leave Act

65. Plaintiff incorporates Paragraphs 1 through 23 as though more fully set forth herein.

66. At all pertinent times hereto, XIE' was an eligible employee, as defined by the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2611(2)(A), of Defendant.

67. XIE suffered from a serious health condition.

68. XIE was entitled to protected leave under the FMLA for her serious health condition, hypothyroidism.

69. Defendant willfully and intentionally interfered with XIE' rights under the FMLA, 29 U.S.C. 2615 and retaliated against her for exercising said rights, when it terminated her employment on January 8, 2007.

70. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, QINGHUA XIE, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Family Medical Leave Act of 1993;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law;

4. Immediately assign Plaintiff to the job that she would now be occupying but for the practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the practices of Defendant, or if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the practices of Defendants;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees;

7. Award Plaintiff liquidated damages for Defendant's willful conduct;

8. Grant such other relief as may be just and proper.

Respectfully submitted,

Plaintiff,
Qinghua Xie

By: _____
One of her attorneys

Eugene K. Hollander
Paul W. Ryan
Erin E. Buck
**The Law Offices of Eugene K. Hollander**
33 N. Dearborn, Suite 2300
Chicago, IL 60602
(312) 425-9100

# **<u>EXHIBIT 1</u>**

Case 1:07-cv-07107   Document 1   Filed 12/18/2007   Page 17 of 20

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2007-06098 |
|---|---|---|

Illinois Department Of Human Rights                                          and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Mrs. Qinghua Xie | Home Phone (Incl. Area Code)<br>(847) 816-1715 | Date of Birth<br>09-02-1959 |
|---|---|---|

Street Address: 1708 Juliet Ln., Libertyville, IL 60048

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>ABBOTT LABORATORIES | No. Employees, Members<br>500+ | Phone No. (Include Area Code)<br>(847) 937-6100 |
|---|---|---|

Street Address: 200 Abbott Park Rd Bldg AP51 D-03, North Chicago, IL 60064

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10-25-2006    Latest: 01-08-2007
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I began my employment with Respondent in or about September, 1991. My most recent position was a Chemist. During my employment, I complained of racial harassment, and I was subjected to different terms and conditions of employment. Subsequently, I was discharged.

I believe that I have been retaliated against for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe that I have been discriminated against because of my race, Asian, and my national origin, Chinese, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that I have been discriminated against because of my age, 47 (09/02/1959), in violation of Age Discrimination in Employment Act of 1967, as amended.

RECEIVED EEOC
JUL 02 2007
CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jul 02, 2007               *[signature]*
Date                       Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

# **EXHIBIT 2**

EEOC Form 161 (3/98)          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | CERTIFIED MAIL NO: 7099-3400-0018-8813-2302 C/P<br>Qinghua Xie<br>1708 Juliet Ln.<br>Libertyville, IL 60048 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-06098 | Grzegorz T. Mucha, Investigator | (312) 353-7319 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)                    John P. Rowe,                    9/20/07
                                 District Director                (Date Mailed)

cc:    ABBOTT LABORATORIES