**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| QINGHUA XIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07 C 7107 |
| | ) | |
| ABBOTT LABORATORIES, an Illinois | ) | Judge Kendall |
| corporation, | ) | Magistrate Judge Nolan |
| | ) | |
| Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AT LAW**

Defendant Abbott Laboratories ("Abbott" or "Defendant"), by its undersigned counsel, answers the Complaint at Law as follows:

**JURISDICTION**

1.    This is a suit in equity authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e)-2, 42 U.S.C. § 1981, the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and the Family Medical Leave Act of 1993, 29 U.S.C. § 101 et seq.

**ANSWER:**    Abbott admits that Plaintiff purports to bring claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e)-2, 42 U.S.C. § 1981, the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and the Family Medical Leave Act of 1993, 29 U.S.C. § 101 et seq. Abbott denies that Plaintiff's claims have any merit.

2.    The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. §2000(e)-2, 42 U.S.C. §1981 (b), and 29 U.S.C. § 621, providing for declaratory, injunctive, compensatory, punitive, and other relief against

> employment discrimination based upon race, national origin, retaliation and age. Jurisdiction of this court is based upon federal questions, 28 U.S.C. § 1331.

**ANSWER:**    The allegations set forth in Paragraph 2 state propositions of law or conclusions of law to which no response is required. To the extent an answer is required, Abbott admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Abbott denies any remaining allegations contained in Paragraph 2 and further denies that Plaintiff's claims have any merit.

> 3.    Venue in this district is proper under 28 U.S.C. § 1391 (B). The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

**ANSWER:**    Abbott admits the allegations contained in Paragraph 3.

> 4.    All conditions precedent to jurisdiction have occurred or been complied with, to-wit:
>
> > a.    Plaintiff filed a charge of discrimination #440-2007-06098 with the Equal Employment Opportunity Commission ("EEOC") on July 2, 2007, a copy of which is attached hereto as **Exhibit 1**.
> >
> > b.    The EEOC issued a notice of right to sue to Plaintiff for charge #440-2007-06098 on September 20, 2007, a copy of which is attached hereto as **Exhibit 2**.

**ANSWER:**    The allegations set forth in Paragraph 4 state propositions of law or conclusions of law to which no response is required. To the extent an answer is required, Abbott admits that Plaintiff filed a charge with the EEOC on July 2, 2007 and that a copy of the charge Plaintiff filed with the EEOC is attached to the Complaint as Exhibit 1. Abbott admits that the EEOC issued a notice of right to sue to Plaintiff on September 20, 2007 and

that a copy of the notice of right to sue issued by the EEOC to Plaintiff is attached to the

Complaint as Exhibit 2.  Abbott is without information sufficient to either admit or deny the

remaining allegations contained in Paragraph 4, and therefore denies the same.

## PARTIES

5.    XIE is a citizen of the United States and the State of
      Illinois and resides in Libertyville, Lake County, Illinois.

**ANSWER:**    Abbott admits that Plaintiff is a citizen of the United States.  Abbott is

without information sufficient to either admit or deny the remaining allegations contained in

Paragraph 5, and therefore denies the same.

6.    XIE is a member of protected classes in that her race is
      Asian, her national origin is Chinese, and her date of
      birth is September 2, 1959.

**ANSWER:**    Abbott admits the allegations contained in Paragraph 6.

7.    ABBOTT is an Illinois corporation.

**ANSWER:**    Abbott admits the allegations contained in Paragraph 7.

8.    ABBOTT is qualified to do business in the State of
      Illinois and is doing business in the State of Illinois.

**ANSWER:**    Abbott admits the allegations contained in Paragraph 8.

9.    ABBOTT is an employer as that term is defined under
      Civil Rights Act of 1964, as amended, 42 U.S.C.
      § 2000e(b) and the ADEA, 29 U.S.C. § 630 (B).

**ANSWER:**    Abbott admits the allegations contained in Paragraph 9.

## BACKGROUND FACTS

10.    XIE began her employment with ABBOTT as an
       Assistant Chemist on or about September 9, 1991.

**ANSWER:**    Abbott admits the allegations contained in Paragraph 10.

11.    In 1994, XIE was promoted to Associate Chemist.

**ANSWER:**     Abbott admits the allegations contained in Paragraph 11.

    12.    In 1998, XIE was promoted to Chemist.

**ANSWER:**     Abbott admits the allegations contained in Paragraph 12.

    13.    Throughout her employment, XIE performed her job duties to ABBOTT'S legitimate expectations.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 13.

    14.    On July 25, 2006, XIE received a rating of partially achieved ("PA") on her performance review and was placed on a performance action plan ("PAP") by her supervisors, Pamela Donner ("Donner") and Rolf Wagner ("Wagner").

**ANSWER:**     Abbott admits the allegations contained in Paragraph 14.

    15.    Similarly-situated white co-workers who had previously received the rating of PA on their performance reviews had not been placed on PAPs.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 15.

    16.    On or about July 27, 2006, XIE complained to Richard Allen of Human Resources at ABBOTT that she was being treated differently.

**ANSWER:**     Abbott admits that Plaintiff approached Richard Allen and complained that her supervisor was treating her unfairly, but Plaintiff did not complain that she was being treated differently because of her race, national origin, age, or because of her use of FMLA leave. Abbott denies the remaining allegations contained in Paragraph 16.

    17.    On or about August 5, 2006, Donner and Wagner told XIE that if she did not accept the way they treated her, she would be out of ABBOTT.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 17.

    18.    On or about September 13, 2006, Donner and Wagner threatened to place XIE on a performance improvement plan ("PIP").

**ANSWER:**     Abbott admits that on or about September 13, 2006, Donner and Wagner discussed a PIP with Plaintiff.  Abbott otherwise denies the allegations of Paragraph 18.

> 19.     From September 15, 2006 through October 20, 2006, XIE was on approved leave from work under the Family Medical Leave Act in connection with a serious health condition, hypothyroidism.

**ANSWER:**     Abbott admits that from September 15, 2006 through October 20, 2006, Plaintiff was on leave.  Abbott is without information sufficient to either admit or deny the remaining allegations contained in Paragraph 19, and therefore denies the same.

> 20.     On October 25, 2006, Donner and Wagner placed XIE on a PIP.

**ANSWER:**     Abbott admits that Plaintiff was placed on a PIP on October 25, 2006 and that Donner and Wagner were involved in the process.   Abbott otherwise denies the allegations contained in Paragraph 20.

> 21.     On or about November 16, 2006, XIE made a complaint of discrimination to Dale Kempf, Project Leader / Director.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 21.

> 22.     On January 8, 2007, XIE's employment was terminated.

**ANSWER:**     Abbott admits the allegations contained in Paragraph 22.

> 23.     Similarly situated employees outside of XIE's protected class were retained.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 23.

## COUNT I – TITLE VII – RACE / NATIONAL ORIGIN DISCRIMINATION – PERFORMANCE ACTION PLAN / PERFORMANCE IMPROVEMENT PLAN / TERMINATION

> 24.     XIE reincorporates and realleges Paragraphs 1 through 23 as though more fully set forth herein.

**ANSWER:**     Abbott incorporates by reference its answers to Paragraphs 1 through 23 above as though each were separately set forth in full herein.

> 25.     XIE is a member of protected classes in that her race is Asian and her national origin is Chinese.

**ANSWER:**     Abbott admits the allegations contained in Paragraph 25.

> 26.     During the course of XIE' [sic] employment by Defendant, she performed to Defendant's legitimate expectations.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 26.

> 27.     XIE was placed on a PAP on July 25, 2006 and was placed on a PIP on October 25, 2006.

**ANSWER:**     Abbott admits the allegations contained in Paragraph 27.

> 28.     XIE's employment was terminated on or about January 8, 2007.

**ANSWER:**     Abbott admits the allegations contained in Paragraph 28.

> 29.     Similarly situated employees, not in XIE' [sic] protected class, did not suffer an adverse job action.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 29.

> 30.     By terminating XIE's employment and by creating, condoning, and perpetuating an environment by which the terms and conditions of employment differ for members of a protected class, Defendant has intentionally discriminated against the Plaintiff with malice or with reckless indifference to Plaintiff's federally protected rights in violation of Title VII of the Civil Rights Act of 1964.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 30.

> 31.     As a result of the intentional acts complained of herein, Plaintiff XIE has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered

pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER:**    Abbott denies the allegations contained in Paragraph 31.

32.    Plaintiff demands a trial by jury.

**ANSWER:**    The allegations set forth in Paragraph 32 state propositions of law or conclusions of law to which no response is required.  To the extent an answer is required, Abbott admits that Plaintiff demands a trial by jury.

### COUNT II – 42 U.S.C. § 1981 – RACE DISCRIMINATION – PERFORMANCE ACTION PLAN / PERFORMANCE IMPROVEMENT PLAN / TERMINATION

33.    XIE    reincorporates    and    realleges    Paragraphs 1 through 23 as though more fully set forth herein.

**ANSWER:**    Abbott incorporates by reference its answers to Paragraphs 1 through 23 above as though each were separately set forth in full herein.

34.    XIE is a member of protected classes in that her race is Asian and her national origin is Chinese.

**ANSWER:**    Abbott admits the allegations contained in Paragraph 34.

35.    During the course of XIE's employment by Defendant, she performed to Defendant's legitimate expectations.

**ANSWER:**    Abbott denies the allegations contained in Paragraph 35.

36.    XIE was placed on a PAP on July 25, 2006 and was placed on a PIP on October 25, 2006.

**ANSWER:**    Abbott admits the allegations contained in Paragraph 36.

37.    XIE's employment was terminated on or about January 8, 2007.

**ANSWER:**    Abbott admits the allegations contained in Paragraph 37.

38.     Similarly situated employees, not in XIE' [sic] protected class, did not suffer and [sic] adverse job action.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 38.

39.     By terminating XIE' [sic] employment and by creating, condoning, and perpetuating an environment by which the terms and conditions of employment differ for members of a protected class, Defendant has intentionally discriminated against the Plaintiff with malice or with reckless indifference to Plaintiff's federally protected rights in violation of 42 U.S.C. § 1981.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 39.

40.     As a result of the intentional acts complained of herein, Plaintiff XIE has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 40.

41.     Plaintiff demands a trial by jury.

**ANSWER:**     The allegations set forth in Paragraph 41 state propositions of law or conclusions of law to which no response is required.  To the extent an answer is required, Abbott admits that Plaintiff demands a trial by jury.

## COUNT III – RETALIATION – TITLE VII

42.     XIE reincorporates and realleges Paragraphs 1 through 23 as though more fully set forth herein.

**ANSWER:**     Abbott incorporates by reference its answers to Paragraphs 1 through 23 above as though each were separately set forth in full herein.

43.     XIE engaged in statutorily protected activity when she complained of differential treatment and discrimination.

-8-

**ANSWER:**     The allegations set forth in Paragraph 43 state propositions of law or conclusions of law to which no response is required.  To the extent an answer is required, Abbott denies the allegations contained in Paragraph 43.

>   44.   Similarly situated employees who did not engage in statutorily protected activity were not disciplined or terminated.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 44.

>   45.   XIE was disciplined and ultimately terminated in retaliation for engaging in statutorily protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 45.

>   46.   As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 46.

>   47.   Plaintiff demands a trial by jury.

**ANSWER:**     The allegations set forth in Paragraph 47 state propositions of law or conclusions of law to which no response is required.  To the extent an answer is required, Abbott admits that Plaintiff demands a trial by jury.

### COUNT IV – RETALIATION – 42 U.S.C. § 1981

>   48.   XIE reincorporates and realleges Paragraphs 1 through 23 as though more fully set forth herein.

**ANSWER:**     Abbott incorporates by reference its answers to Paragraphs 1 through 23 above as though each were separately set forth in full herein.

49.    XIE engaged in statutorily protected activity when she complained of differential treatment and discrimination.

**ANSWER:**    Abbott denies the allegations contained in Paragraph 49.

50.    Similarly situated employees who did not engage in statutorily protected activity were not disciplined or terminated.

**ANSWER:**    Abbott denies the allegations contained in Paragraph 50.

51.    XIE was disciplined and ultimately terminated in retaliation for engaging in statutorily protected activity in violation of 42 U.S.C. § 1981.

**ANSWER:**    Abbott denies the allegations contained in Paragraph 51.

52.    As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER:**    Abbott denies the allegations contained in Paragraph 52.

53.    Plaintiff demands a trial by jury.

**ANSWER:**    The allegations set forth in Paragraph 53 state propositions of law or conclusions of law to which no response is required.  To the extent an answer is required, Abbott admits that Plaintiff demands a trial by jury.

## COUNT V – AGE DISCRIMINATION

54.    XIE reincorporates and realleges Paragraphs 1 through 23 as though more fully set forth herein.

**ANSWER:**    Abbott incorporates by reference its answers to Paragraphs 1 through 23 above as though each were separately set forth in full herein.

55.    XIE is a member of protected classes, over forty years old.

**ANSWER:**     Abbott admits the allegations contained in Paragraph 55.

56.    During the course of XIE's employment by Defendant, she performed to Defendant's legitimate expectations. XIE was placed on a PAP on July 25, 2006 and was placed on a PIP on October 25, 2006.

**ANSWER:**     Abbott denies the allegations contained in the first sentence of Paragraph 56.

Abbott admits the allegations contained in the second sentence of Paragraph 56.

57.    XIE's employment was terminated on or about January 8, 2007.

**ANSWER:**     Abbott admits the allegations contained in Paragraph 57.

58.    Similarly situated employees, not in XIE' [sic] protected class, did not suffer and [sic] adverse job action.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 58.

59.    Defendant, in violation of the provisions of 29 U.S.C. § 621, §623 et seq., has denied and continues to deny Plaintiff an equal opportunity for employment because of her age.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 59.

60.    When Plaintiff was terminated, she was subjected to age discrimination in that there was a double standard set up between older employees and younger employees not included within the protected class. Plaintiff's younger counterparts were not subjected to discriminatory treatment.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 60.

61.    Defendants knew that the termination of Plaintiff because of her age violated the ADEA.

**ANSWER:**     Abbott denies the allegations contained in Paragraph 61.

62.     This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendants from maintaining a policy, practice, usage or custom of discriminating against Plaintiff because of her age with respect to the following: compensation, terms, conditions and privileges of employment and ways that deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of age. This complaint also seeks restitution to Plaintiff for the denial of all of her rights, privileges, benefits and income that would have been received by her, but for Defendants' unlawful and illegal discriminatory practices.

**ANSWER:**     The allegations set forth in Paragraph 62 state propositions of law or conclusions of law to which no response is required. To the extent an answer is required, Abbott denies that Plaintiff's claims have any merit.

63.     Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged, and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' policy, practice, custom and usage as set forth herein, until and unless enjoined by the Court.

**ANSWER:**     The allegations set forth in Paragraph 63 state propositions of law or conclusions of law to which no response is required. To the extent an answer is required, Abbott denies the allegations contained in Paragraph 63.

64.     Plaintiff demands a trial by jury.

**ANSWER:**     The allegations set forth in Paragraph 64 state propositions of law or conclusions of law to which no response is required. To the extent an answer is required, Abbott admits that Plaintiff demands a trial by jury.

## COUNT VI – Family Medical Leave Act

65.    Plaintiff incorporates Paragraphs 1 through 23 as though more fully set forth herein.

**ANSWER:**    Abbott incorporates by reference its answers to Paragraphs 1 through 23 above as though each were separately set forth in full herein.

66.    At all pertinent times hereto, XIE' [sic] was an eligible employee, as defined by the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2611(2)(A), of Defendant.

**ANSWER:**    Abbott admits the allegations contained in Paragraph 66.

67.    XIE suffered from a serious health condition.

**ANSWER:**    Abbott is without information sufficient to either admit or deny the allegations contained in Paragraph 67, and therefore denies the same.

68.    XIE was entitled to protected leave under the FMLA for her serious health condition, hypothyroidism.

**ANSWER:**    The allegations set forth in Paragraph 68 state propositions of law or conclusions of law to which no response is required.  To the extent an answer is required, Abbott is without information sufficient to either admit or deny the allegations contained in Paragraph 68, and therefore denies the same.

69.    Defendant willfully and intentionally interfered with XIE' [sic] rights under the FMLA, 29 U.S.C. 2615 and retaliated against her for exercising said rights, when it terminated her employment on January 8, 2007.

**ANSWER:**    Abbott denies the allegations contained in Paragraph 69.

70.    Plaintiff demands a trial by jury.

**ANSWER:**    The allegations set forth in Paragraph 70 state propositions of law or conclusions of law to which no response is required.  To the extent an answer is required, Abbott admits that Plaintiff demands a trial by jury.

## AFFIRMATIVE DEFENSES

Defendant, Abbott Laboratories ("Abbott" or "Defendant"), by and through its attorneys, hereby asserts the following Affirmative Defenses to Plaintiff's Complaint.

**AFFIRMATIVE DEFENSE 1:**    Abbott had good cause for terminating Plaintiff, not related to her race, national origin, age, any request for medical leave, or in retaliation for any complaints asserted by Plaintiff.

**AFFIRMATIVE DEFENSE 2:**    Abbott undertook good faith efforts to comply with anti-discrimination laws – including Title VII, § 1981, the ADEA and the FMLA – by, among other things, making good faith efforts to enforce an anti-discrimination policy, thus barring Plaintiff's claims for punitive damages.

**AFFIRMATIVE DEFENSE 3:**    Even if it were determined that Abbott impermissibly considered Plaintiff's membership in a protected class or any other unlawful factor in its decision to take an employment action with respect to Plaintiff (which Abbott denies), Abbott nevertheless would have taken the same action in the absence of the impermissible motive(s), thus barring Plaintiff's claim for damages in whole or in part.

**AFFIRMATIVE DEFENSE 4:**    Plaintiff's retaliation claims are barred because Plaintiff did not hold a reasonable belief that Abbott engaged in any conduct that is unlawful.

**AFFIRMATIVE DEFENSE 5:**    To the extent that Abbott may be found to have violated the FMLA (which it denies), any such violation was in good faith and Abbott had reasonable grounds for believing that there had not been a violation of the FMLA.

**AFFIRMATIVE DEFENSE 6:**    Plaintiff's claims are barred to the extent that they are outside the scope of her administrative charge.

**AFFIRMATIVE DEFENSE 7:**     To the extent Plaintiff suffered any damages as alleged, such damages were caused or contributed to by Plaintiff's own actions or the actions of others over whom Abbott exercised no control.

**AFFIRMATIVE DEFENSE 8:**     Plaintiff's claim for damages is barred to the extent she has failed to mitigate her damages.

WHEREFORE, Defendant Abbott Laboratories respectfully requests that the Court enter a judgment in its favor and against Plaintiff as follows:

(a)     dismissing Plaintiff's Complaint at Law with prejudice; and

(b)     granting Defendant Abbott Laboratories such other and further relief as the Court deems just and proper.

Dated:  January 16, 2008

Respectfully submitted,

ABBOTT LABORATORIES

By     /s/ Matthew K. Organ
          One of Its Attorneys

Jon E. Klinghoffer
Matthew K. Organ
GOLDBERG KOHN BELL BLACK
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
(312) 201-4000

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that on January 16, 2008, he caused a copy of Defendant Abbott Laboratories' **Answer and Affirmative Defenses to Complaint at Law** to be served via the Court's ECF/electronic mailing system upon the following:

Eugene K. Hollander
Paul W. Ryan
Erin E. Buck
The Law Offices of Eugene K. Hollander
Suite 2300
33 North Dearborn Street
Chicago, Illinois  60602


/s/ Matthew K. Organ
Matthew K. Organ