**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| QINGHUA XIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 7107 |
| | ) | |
| ABBOTT LABORATORIES, | ) | Judge Kendall |
| an Illinois corporation | ) | |
| | ) | Magistrate Judge Nolan |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT**

Pursuant to this Court's order, the Plaintiff, Qinghua Xie, by her attorneys, the

Law Offices of Eugene K. Hollander, and the Defendant, Abbott Laboratories, by their

attorneys, Goldberg Kohn Bell Black Rosenbloom & Moritz, Ltd. submit the following

Joint Initial Status Report:

    **1.**    **Attorneys of Record**

    A.    <u>For Plaintiff</u>

        Eugene K. Hollander (trial attorney)
        Paul W. Ryan (trial attorney)
        Erin E. Buck
        The Law Offices of Eugene K. Hollander
        33 N. Dearborn, Ste. 2300
        Chicago, IL 60602

    B.    <u>For Defendants</u>

        David E. Morrison (trial attorney)
        Jon E. Klinghoffer (trial attorney)
        Matthew K. Organ (trial attorney)
        GOLDBERG KOHN BELL BLACK
         ROSENBLOOLM & MORITZ, LTD.
        55 East Monroe Street
        Suite 3300
        Chicago, Illinois 60603

(312) 201-4000

**2.      Jurisdictional Basis**

This suit is based upon federal questions, 28 U.S.C. §1331

**3.      Nature of Claims**

Plaintiff alleges that she was placed on a performance action plan, a performance improvement plan and was wrongfully terminated because of her race, Asian, and her national origin, Chinese. Plaintiff further alleges that she was terminated because of her age. Plaintiff further alleges that she was retaliated against for complaining about differential treatment and discrimination. Plaintiff further alleges that Defendant interfered with her FMLA rights when it terminated her.

Defendant denies Plaintiff's claims and asserts that Plaintiff was terminated for legitimate, non-discriminatory reasons. Defendant has not brought any counterclaims in this action.

**4.      All parties have been served.**

**5.      Principal Legal Issues**

    a.    Whether Plaintiff was terminated because of her race and national
          origin.
    b.    Whether Plaintiff was terminated because of her age.
    c.    Whether Plaintiff was placed on a performance action plan and
          performance improvement plan because of her race and national
          origin.
    d.    Whether Plaintiff was terminated in retaliation for complaining
          about differential treatment and discrimination.
    e.    Whether Defendant interfered with Plaintiff's FMLA rights.
    f.    Whether Defendant retaliated against Plaintiff for exercising her
          FMLA rights.
    g.    Whether Defendant had good cause for terminating Plaintiff, not
          related to her race, national origin, age, any request for medical
          leave, or in retaliation for any complaints asserted by Plaintiff.
    h.    Whether Defendant undertook good faith efforts to comply with
          the anti-discrimination laws, thus barring Plaintiff's claim for
          punitive damages.
    i.    Whether Defendant would have taken the same action against
          Plaintiff even if it is determined that Defendant acted with any
          impermissible motives;

j.      Concerning her retaliation claims, whether Plaintiff had a reasonable belief that Abbott engaged in conduct that was unlawful;

k.      Whether, in the event that Defendant is found to have violated the FMLA, any such violation was in good faith and with reasonable grounds for believing there had not been a violation of the FMLA.

l.      Whether any of Plaintiff's claims that were required to be asserted in an administrative charge are outside the scope of her administrative charge and therefore barred;

m.      Whether Plaintiff's alleged damages were caused or contributed to by Plaintiff or others over whom Defendant exercised no control;

n.      Whether Plaintiff has failed to mitigate her damages.

**6.      Principal Factual Issues**

a.      See Section 5 above.

**7.      The parties expect a jury trial unless Defendant files a summary judgment motion and prevails.**

**8.      Discovery**

Defendant has served its 26(a)(1) disclosures, First Request for Production, and First Set of Interrogatories. The parties have not otherwise engaged in any discovery. The parties expect that written discovery (interrogatories, requests for production of documents) and depositions will be necessary for each side.

**9.      Earliest date the parties will be ready for trial:** 90 days after a ruling on any dispositive motions.

**10.     At this time, the parties do not unanimously consent to proceed before a magistrate judge.**

**11.     Status of Settlement Discussions:**

The parties have discussed the possibility of settlement and have agreed to revisit the issue at a later time. At this time, the parties do not request a settlement conference.

Respectfully Submitted,

s/ Paul W. Ryan
Eugene K. Hollander
Paul W. Ryan
The Law Offices of Eugene K. Hollander
33 N. Dearborn, Ste. 2300
Chicago, IL 60602
(312) 425-9100

s/ Matthew K. Organ
David E. Morrison
Jon E. Klinghoffer
Matthew K. Organ
GOLDBERG KOHN
BELL BLACK ROSENBLOOM
 & MORITZ, LTD.
55 E. Monroe Street
Suite 3300
Chicago, Illinois 60603
(312) 201-4000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he filed the foregoing **Joint Initial Status Report** on February 19, 2008 using the court's CM/ECF system, which electronically delivered copies to the following:

David E. Morrison
Jon E. Klinghoffer
Matthew K. Organ
GOLDBERG KOHN BELL BLACK
  ROSENBLOOLM & MORITZ, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603
(312) 201-4000

s/ Paul W. Ryan