UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QINGHUA XIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 C 7107 |
| | ) |
| ABBOTT LABORATORIES, | ) |
| an Illinois corporation | ) |
| | ) |
| Defendant. | ) |

**JOINT MOTION FOR A PROTECTIVE ORDER**

NOW COME Plaintiff Qinghua Xie ("Plaintiff" or "Xie") and Defendant Abbott Laboratories ("Abbott" or "Defendant"), and for their Joint Motion For a Protective Order, state as follows:

1.　This is an employment discrimination case, wherein Plaintiff alleges that she was discriminated against based on her race, national origin and age, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, 42 U.S.C. §1981 and 29 U.S.C. § 621 et seq. Plaintiff also has alleged that Defendant violated her rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 101, et seq. and retaliated against her in violation of Title VII and 42 U.S.C. § 1981. Abbott denies Plaintiff's allegations.

2.　Plaintiff has requested personnel information and documents from Abbott regarding other employees. Defendant has requested medical and tax records from Plaintiff. These documents are of a confidential and sensitive nature.

3.　A proposed Agreed Protective Order is attached hereto as Exhibit A. The proposed Agreed Protective Order governs the parties' use of the documents produced

and does not require the Court to keep any information confidential. Nor does the proposed Agreed Protective Order require that any item be filed under seal. Rather, the purpose of the proposed order is to ensure that the confidential and sensitive documents produced are not used by either party for any purpose other than this lawsuit.

4. Since the proposed Agreed Protective Order does not require that any document be filed under seal or kept confidential by the Court, it is in compliance with the Seventh Circuit's requirements for a protective order set forth in Union Oil Co. of Ca. v. Leavell, 220 F.3d 562 (7th Cir. 2000) and Citizens First National Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999).

**WHEREFORE**, Plaintiff Qinghua Xie and Defendant Abbott Laboratories request that this Court enter the attached Agreed Protective Order.

| | |
|---|---|
| Plaintiff, | Defendant, |
| Qinghua Xie | Abbott Laboratories |
| | |
| s/ Paul W. Ryan | s/ Matthew K. Organ |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Eugene K. Hollander | Jon E. Klinghoffer |
| Paul W. Ryan | Matthew K. Organ |
| The Law Offices of Eugene K. Hollander | GOLDBERG KOHN BELL BLACK |
| 33 N. Dearborn | ROSENBLOOLM & MORITZ, |
| Suite 2300 | LTD. |
| Chicago, IL 60602 | 55 East Monroe Street |
| (312) 425-9100 | Suite 3300 |
| | Chicago, Illinois 60603 |

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QINGHUA XIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 C 7107 |
| | ) |
| ABBOTT LABORATORIES, | ) |
| an Illinois corporation | ) |
| | ) |
| Defendant. | ) |

**AGREED PROTECTIVE ORDER**

WHEREAS Plaintiff Qinghua Xie ("Xie" or "Plaintiff") has sought personnel information and documents regarding employees of Defendant Abbott Laboratories ("Abbott" or "Defendant") who are not parties to this lawsuit, and Defendant has sought medical, financial and tax records from Plaintiff;

WHEREAS, personnel information and documents regarding other Abbott employees are of a confidential and sensitive nature;

WHEREAS, Plaintiff's medical, tax, and other financial records are of a confidential and sensitive nature;

WHEREAS, the parties, by their respective attorneys, have agreed to the terms of this Agreed Protective Order; and

WHEREAS, each of the signing parties agrees to be bound by this Agreed Protective Order and agrees to the jurisdiction of this Court over each of them to enforce the terms and provisions of this Agreed Protective Order.

It is hereby stipulated by the signing parties and ordered by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that this Agreed Protective Order

("Order") containing the following terms and provisions shall govern disclosure and use of the documents described in this Order:

1. Plaintiff and her attorneys agree that they will only use the documents and information regarding other Abbott employees for purposes of this lawsuit. Likewise, Abbott and its attorneys agree that they will only use Plaintiff's medical, tax, and other financial records for the purposes of this lawsuit.

2. Plaintiff agrees that she will limit access to the aforementioned documents and information produced by Abbott to her attorneys and their legal support staff, expert witnesses consulted or retained for this case and any witnesses she interviews or prepares for a deposition. Plaintiff's counsel will inform recipients of any such documents about this protective order and instruct them to maintain the confidentiality of the information.

3. Abbott agrees that it will limit access to Plaintiff's medical, tax and other records to its attorneys and their legal support staff, expert witnesses consulted or retained for this case, witnesses it interviews or prepares for a deposition, and Abbott personnel responsible or necessary for the defense of this lawsuit. Abbott's counsel will inform recipients of this information about this protective order and instruct them to maintain the confidentiality of the information.

4. Nothing in this Agreement prevents either party from disclosing any such documents or any information contained therein to the Court, filing such documents with the Court or using them in a deposition or any other Court proceeding in this lawsuit. Nothing in this Agreement requires the Court to keep any information confidential; nor does this agreement require that any item be filed under seal.

5.      To the extent Plaintiff or Abbott determines that an individual other than those listed in Paragraph 2 or 3 of this Order needs to see documents governed by this Order, counsel for that party agrees to give opposing counsel ten (10) days advance notice of their intention to disclose the documents or information to said individual so that the parties can submit a proposed amendment to this Order to the Court or move for a protective order baring the intended disclosure.

6.      Both Plaintiff and Abbott shall redact any social security numbers from any documents filed with the Court.

7.      This Order may be changed by further order of this Court and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material, documents or information.

8.      Within thirty (30) days of the final disposition of the case, Plaintiff's counsel will return to Abbott's counsel all documents regarding other employees or certify to Abbott's counsel that such documents have been destroyed and no copies retained.  Abbott's counsel will do the same with regard to Plaintiff's medical, tax, and other financial records.

9.      This Court finds good cause has been demonstrated by the parties seeking this Agreed Protective Order.

Dated: _____        Entered: _____

                                                                Judge Virginia Kendall

| | |
|---|---|
| Plaintiff,<br>Qinghua Xie | Defendant,<br>Abbott Laboratories |
| | |
| s/ Paul W. Ryan<br>Attorneys for Plaintiff<br>Eugene K. Hollander<br>Paul W. Ryan<br>The Law Offices of Eugene K. Hollander<br>33 N. Dearborn<br>Suite 2300<br>Chicago, IL 60602<br>(312) 425-9100 | s/ Matthew K. Organ<br>Attorneys for Defendant<br>Jon E. Klinghoffer<br>Matthew K. Organ<br>GOLDBERG KOHN BELL BLACK ROSENBLOOLM & MORITZ, LTD.<br>55 East Monroe Street<br>Suite 3300<br>Chicago, Illinois 60603 |